UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| **KODIAK CAKES, LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**JRM NUTRASCIENCES, LLC; MUSCLE SPORTS PRODUCTS, LLC; and JASON MANCUSO,**<br><br>Defendant. | **ORDER REGARDING ATTORNEY FEES**<br><br>Case No. 2:20-cv-00581-DBB-JCB<br><br>District Judge David Barlow<br><br>Magistrate Judge Jared C. Bennett |

On February 8, 2021, the court awarded Plaintiff Kodiak Cakes, LLC ("Kodiak"), as the prevailing party under Fed. R. Civ. P. 37(a)(5)(A), its reasonable attorney fees and expenses for having to bring the Motion to Compel against Defendant JRM Nutrasciences, LLC ("JRM").[1] The court ordered the parties to meet and confer to attempt to agree on the amount of fees and expenses due to Kodiak. In the event the parties could not agree, Kodiak was instructed to file an affidavit of fees with the court. The parties could not agree, and Kodiak filed its Affidavit of Attorney Fees ("Affidavit") for the court to ascertain the amount owed.[2]

Kodiak claims it is due $2,705.00 for 10.2 hours of attorney time incurred in bring the Motion to Compel. JRM's former counsel, Rutan & Tucker, LLC ("Rutan"), filed an objection to

---

[1] ECF No. 35.

[2] ECF No. 45.

the Affidavit.[3] In its objection, Rutan does not oppose the reasonableness of the attorney billing rates but contends that some of Kodiak's charges are excessive, unnecessary, or fall outside of the court's order.

Reasonable attorney fees are determined by the lodestar amount. *Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1201 (10th Cir. 1986). The lodestar is calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The court will determine the reasonable hourly rate and number of hours reasonably expended and then will calculate the lodestar amount in sequential order below.

### I.    REASONABLE HOURLY RATE

Determining a reasonable billing rate involves an examination of the prevailing market rates in the relevant legal community for similar services by lawyers of comparable skills, experience, and reputation. *Case v. Unified Sch. Dist. No. 233 Johnson Cty.*, 157 F.3d 1243, 1256 (10th Cir. 1998). Evidence of rates may be adduced through direct evidence of charges by lawyers under similar circumstances or by opinion evidence. *See e.g.*, *Jones v. Eagle–North Hills Shopping Ctr.*, 478 F.Supp.2d 1321, 1326 (E.D. Okla. 2007). Although a district court's discretion in exercising judgment regarding the appropriate fee is not limitless, the court enjoys wide discretion. *Case*, 157 F.3d at 1256. The fee applicant bears the burden of establishing entitlement and documenting appropriate hours and hourly rates. *Id.*

The court finds that the hourly rates utilized by Kodiak's attorneys are reasonable. Kodiak seeks attorneys' fees for work performed by Chad Derum, Esq., Michael E. Harmond,

---

[3] ECF No. 48.

Esq., and Stephen H. Bean, Esq. Mr. Derum is a partner at Manning Curtis Bradshaw & Bednar, PLLC ("MCBP") and charged Kodiak a rate of $350 per hour in this matter; Mr. Harmond is an associate at MCBP and charged Kodiak a rate of $220 per hour in this matter; and Mr. Bean is a partner at Legends Law and charged Kodiak a rate of $390 per hour in this matter. Neither JRM nor Rutan oppose the reasonableness of these rates, and these rates are consistent with the prevailing market rates in Utah. *Blackburn v. United States*, No. 218-cv-00116, 2020 WL 1930063, at *2 (D. Utah Apr. 21, 2020) (concluding hourly rate of $350 is commensurate with the prevailing market rates in Utah).

## II. REASONABLE NUMBER OF HOURS EXPENDED

The touchstone in determining the number of hours for which attorneys' fees should be calculated is whether the expenditure of time was reasonable. *Case*, 157 F.3d at 1250. In determining the reasonableness of hours expended, "the Court considers factors such as the complexity of the issues raised, the need to review the record and pleadings, and the need to conduct legal research, in addition to the length of the briefing." *Marrocco v. Hill*, 291 F.R.D. 586, 588 (D. Nev. 2013).

Turning to counsel's billing entries, the court strikes $1,585 from Kodiak's requested fee award. Kodiak seeks to recover a collective 10.2 hours in pursuit of the Motion to Compel: 5.4 hours drafting, editing, and filing the motion; 2 hours preparing for the hearing; and 2.8 hours attending the hearing. Fed. R. Civ. P. 37(a)(5)(A) allows for fees "incurred in making the motion [to compel]," and the court limited the scope of compensable fees in this matter to those incurred

3

"drafting, filing, and arguing the motion in court."[4] The Affidavit sets forth three categories of time entries: (A) drafting, editing, and filing the motion; (B) preparing for oral argument; and (C) time spent in the hearing. As shown below, the court reduces the number of claimed hours for (A) and (C) and entirely excludes the hours for (B).

      A.  <u>Hours Spent Drafting, Editing, and Filing</u>

Kodiak seeks to recover 5.4 hours spent on tasking related to drafting, editing, and filing the Motion to Compel: .5 by Mr. Derum and 4.9 by Mr. Harmond. Kodiak's Motion to Compel, consistent with DUCivR 37-1, was 459 words in length and included copies of the offending discovery responses as exhibits. The Motion described the timeline of exchanges among the parties and efforts to resolve the dispute, which necessitated the Motion to Compel; it required little to no legal research or analysis of caselaw, statutes, or rules. Given the lack of complexity of the issues, the staffing of both a partner and an associate on drafting, and time spent reviewing and editing the Motion, the court finds that the hours spent on drafting and revising the Motion are excessive. Therefore, considering the short-form nature of the Motion and the issues raised, the court finds a reasonable expenditure of time is 4 hours: .5 hours for Mr. Derum and 3.5 for Mr. Harmond.

      B.  <u>Hours Spent Preparing and Drafting Memorandum for Hearing</u>

Kodiak seeks to recover 2 hours spent on drafting a memorandum on anticipated issues for oral argument and tasks to prepare for the hearing. Rutan objects to Kodiak recovering fees for time spent drafting a hearing memorandum and other hearing preparation as unnecessary and

---

[4] ECF No. 35.

excessive, especially considering the substance and procedural form of Motion. The court agrees, and adds that to the extent the time expended included document review, it is well established that time spent reviewing discovery submitted under a document exchange is not compensable under Rule 37(a). *Brigham Young Univ. v. Pfizer, Ind.*, 262 F.R.D. 637, 648 (D. Utah 2009) (noting that "reasonable expenses do not include review of documents which is necessary in any document exchange" in awarding costs under Rule 37(a)); *DigEcor, Inc. v. E.Digital Corp.*, No. 206-CV-437-TS, 2008 WL 803108, at *6 (D. Utah March 22, 2008) (no recovery for "expenses of review of documents which is necessary in any document exchange" under Rule 37(a)). Moreover, the court's order of which fees were allowable was limited to "drafting, filing, and arguing the motion in court."[5] It did not include preparation for oral argument. Accordingly, the time is excluded from the recovery award.

    C.  <u>Hours Spent Attending the Hearing</u>

Kodiak seeks to recover 2.8 hours spent attending the hearing: 2 hours[6] by Mr. Derum and .8 by Mr. Bean. The number of hours requested for hearing attendance is unreasonable for two reasons. First, Mr. Bean did not participate at the hearing and attended solely in an observational capacity. Under these circumstances, it is unreasonable to tax JRM and/or Rutan

---

[5] ECF No. 35.

[6] The February 8, 2021 entry by Mr. Derum records 2 hours spent preparing for the hearing and attending the hearing. Mr. Derum's time entry reflects block billing and lack of detail that renders meaningly review of the time spent on specific tasks impossible. *Robinson v. City of Edmond*, 160 F.3d 1275, 1284 (10th Cir. 1998) ("The use of billing practices that camouflage the work a lawyer does naturally and quite correctly raise suspicions about whether all the work claimed was actually accomplished or whether it was necessary. This concern is particularly important in a situation where a party is seeking to have his opponent pay for his own lawyer's work."). Notwithstanding, because time spent preparing for the Motion is excluded, the court categorizes the entry solely as time spent attending hearing and will not attempt to create detail where the claimant does not provide any.

with such time for two attorneys. Moreover, observing the hearing of the Motion is outside the scope of the Order. The same applies for the legal strategy discussions with co-counsel post hearing. Second, the minutes of the hearing reflect the hearing lasted 34 minutes. Accordingly, the court finds that only Mr. Derum's .5 hours spent attending the hearing should be awarded.

### III. CALCULATION

As established above, the court finds that Kodiak should recover attorneys' fees for 1 hour for Mr. Derum and 3.5 hours for Mr. Harmond, at hourly rates of $350 and $220, respectively. As such, the court awards attorneys' fees in the amount of $1,120.

### ORDER

Accordingly, Kodiak is awarded $1,120.00 in attorneys' fees and expenses. Payment is to be made within 30 days from the date of this Order, no later than April 29, 2021.

DATED this 29th day of March 2021.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge