Dax D. Anderson (USB 10168)
Jeremy Sink (USB 9916)
KIRTON McCONKIE
36 South State Street, Suite 1900
Salt Lake City, UT 84111
Telephone (801) 328-3600
Facsimile (801) 321-4893
Email: danderson@kmclaw.com
Email: jsink@kmclaw.com

*Attorney for Defendants, JRM Nutrasciences, LLC, Muscle Sports Products, LLC and Jason Mancuso*

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| KODIAK CAKES, LLC, a Utah Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>JRM NUTRASCIENCES, LLC, a New York Limited Liability Corporation; MUSCLE SPORTS PRODUCTS, LLC, a New York Limited Liability Corporation; and JASON MANCUSO, an individual;<br><br>Defendants. | Case No.: 2:20-CV-0000581-DBB-JCB<br><br>Judge: David Barlow<br><br>Magistrate Judge Jared C. Bennett<br><br>**DEFENDANTS' MOTION FOR LEAVE TO FILE AN OVERLENGTH MOTION OR, IN THE ALTERNATIVE, LEAVE TO FILE A CORRECTED BRIEF IN COMPLIANCE WITH DUCivR 7-1**<br><br>*Expedited Treatment Requested* |

Pursuant to Federal Rule of Civil Procedure 7 and DUCivR 7-1(a)(4)(6) and (7), Defendants JRM Nutrasciences, LLC, Muscle Sports Products, LLC and Jason Mancuso ("Defendants"), by and through undersigned counsel of record, hereby respectfully move the Court

1

for retroactive leave to file Defendant's Motion to Exclude the Expert Testimony of David Franklyn ("Motion to Exclude), filed on July 8, 2022 as ECF No. 85. Defendants Motion to Exclude exceeded the 10-page limit imposed by DUCiv R 7-1. Defendants did so erroneously, believing the page limit to be twenty-five pages of argument. In fact, the twenty-five-page limit is reserved for motions under Rule 12 and 56. On July 13, 2022, Plaintiff filed a motion to strike the Motion to Exclude because it exceeded the page limit and because Defendants did not seek court approval to exceed the page limit prior to filing.

Defendants respectfully request that the Court either grant retroactive leave for the overlength motion, or in alternative, allow Defendants leave to file a corrected brief which complies with DUCivR 7-1. In support of this motion Defendants represent as follows:

## FACTS

1. Counsel for Defendants did not review the local rules related to length prior to filing the Defendants' Motion to Exclude the Expert Testimony of David Franklyn. See Declaration of Jeremy Sink In Support of Defendant's Opposition to Plaintiff's Motion to Strik Defendants' Overlength Motion to Exclude The Expert Testimony of David Franklyn (hereinafter "Sink Decl.") ¶ 4.

2. Mr. Sink was operating under the incorrect belief that the argument section of his brief needed to be under 25 pages (consistent with the motion for summary judgment page limitations). Sink Decl. ¶ 5.

3. Counsel for Defendants believed the 15 pages of argument was well under the 25 page limit. Sink Decl. ¶ 5

4. Evidence of Mr. Sink's belief that the page limit was 25 pages instead of 10 is easily seen by the fact that Mr. Sink includes 5 pages of quotes from Mr. Franklyn's

deposition testimony in his argument section. Attached to the Declaration of Mr. Sink is a copy of the argument section with the quotes redlined as well as a copy with the quotes removed. Simply removing those quotes reduces the length of the argument section to a little over 11 pages. Sink Decl. ¶ 6. See also exhibits 1 and 2 attached to the Sink Decl.

5. The Motion to Strike is 48 pages long and contains 18,741 words.

6. The Motion to Strike is fact intensive as it reviews the testimony and expert report of Mr. Franklyn, which will be the key issue at the trial of this matter. The Statement of Relevant Facts section of the Motion to Strike occupies 25 pages of the motion (See ECF 85 pages 7-31).

7. Moreover, as set forth in the Sink Declaration filed contemporaneously herewith and incorporated herein by reference, an additional five pages of the Argument section in the Motion to Strike directly quotes Mr. Franklyn's testimony set forth in the Statement of Relevant Facts. See Sink Decl.¶6. Thus, 30 of the 48 total pages are facts and 6 of the 48 pages are an admittedly too long background and introduction sections.

## **ARGUMENT**

"A federal trial court has inherent authority to manage its docket."[1]  "Motions to file an overlength brief are discouraged and will be granted only upon a showing of good cause and exceptional circumstances."[2] Good cause exists in this case as the primary driver behind

---

[1] Utah Republican Party v. Herbert, 2015 WL 6394534 p. 3 (D. Utah 2015)(citing Link v. Wabash R. Co., 370 U.S. 626, 629-30 (1962).
[2] Hawkins v. Salt Lake County Jail, No. 2:19-CV-491 DAK, 2021 WL 3617481 at 8 (D. Utah Aug 16, 2021).

4880-3115-9081.v1

Defendants' overlength memo is properly citing to the court the applicable relevant testimony of the expert so that the court can adequately review and rule on the Daubert Motion. Good cause additionally exists as Mr. Sink in good faith believed he was well under a 25 page guideline for the argument section when filing the motion. Mr. Sink admits that his belief was in error and that he did not check the local rule prior to filing. However, this case is directly on point with the case of <u>Reifenberger v. Autovest, LLC</u>.

In Reifenberger, the plaintiff mistakenly filed an overlength motion without first seeking court approval.[3] Defendant filed a motion to strike the overlength memo.[4] Counsel for the plaintiff, similar to counsel for the Defendants in this case, admitted to the court that he mistakenly believed the length restriction was 25 pages instead of the 10 required by DUCivR 7-1 and filed a motion to retroactively seek approval to file an overlength memorandum. Judge Kimball held that "[w]hile Plaintiff should have requested leave to file an overlength memorandum before filing it, based on the admitted mistake, the court grants Plaintiff retroactive leave to file the overlength memorandum."[5] The motion was then decided on its merits.

If the Court decided not to retroactively accept Defendants' overlength brief, Defendants respectfully ask the Court to set a date by which Defendants must file a corrected version of the Motion to Exclude which complied with DUDivR 7-1.

---

[3] Reifenberger v. Autovest LLC, 2021 WL 212237 at 1 (D.Utah 2021).
[4] Id at 1.
[5] Id.

4880-3115-9081.v1

## **CONCLUSION**

Defendants respectfully request that the court retroactively allow the filing of Defendants' overlength Motion to Strike so that this key related to the admissibility of Plaintiff's expert can be decided on its merits. Alternatively, Defendants request a new deadline to file a conforming brief.

DATED this 14th day of July, 2022.

Respectfully submitted,

**KIRTON │ McCONKIE**

By: */s/Jeremy C. Sink*
     Jeremy C. Sink
     Dax Anderson

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of July, 2022, I caused a true and correct copy of the foregoing to be filed electronically with the Court, which caused service on all counsel of record in this matter via the court's ECF system.

MANNING CURTIS BRADSHAW & BEDNAR PLLC
Alan C. Bradshaw         abradshaw@mc2b.com
Chad R. Derum            cderum@mc2b.com
Michael E. Harmond       mharmond@mc2b.com
136 East South Temple, Suite 1300
Salt Lake City, Utah 84111

Stephen H. Bean          steve@legendslaw.com
Nicholas Wells           nwells@legendslaw.com
Legends Law Group, PLLC
330 N Main
Kaysville, UT 84037

            */s/Margaret Carlson*

4880-3115-9081.v1