THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| KODIAK CAKES, LLC, a Utah limited liability corporation;<br><br>Plaintiff,<br><br>v.<br><br>JRM NUTRASCIENCES, LLC, a New York limited liability corporation, MUSCLE SPORTS PRODUCTS, LLC, a New York limited liability corporation, and JASON MANCUSO, an individual;<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART [97] PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON ITS ESTABLISHMENT OF COMMON LAW RIGHTS TO THE KODIAK MARKS**<br><br>Case No. 2:20-cv-00581-DBB-JCB<br><br>District Judge David Barlow<br><br>Magistrate Judge Jared C. Bennett |

Before the court is Plaintiff Kodiak Cakes LLC's Motion for Summary Judgment on Its Establishment of Common Law Rights to the Kodiak Marks.[1] Plaintiff seeks partial summary judgment on a single discrete issue: that it has common law rights to the single-word mark KODIAK and its design mark within certain geographies and from certain dates. JRM Nutrasciences, LLC, Muscle Sports Products, LLC, and Jason Mancuso (collectively, "Defendants") agree that Plaintiff has these common law rights.[2] The only disagreement is the description of Plaintiff's goods associated with the trademarks. For the reasons that follow, the court grants in part and denies in part Plaintiff's motion for summary judgment.

---

[1] ECF No. 97, filed July 29, 2022.
[2] Resp. in Opp'n, ECF No. 102, filed August 26, 2022.

1

## BACKGROUND

Kodiak Cakes is a Park City, Utah limited liability company.[3] Kodiak Cakes was founded in 1994 and began selling pancake, muffin, and baking mixes in November 1995.[4] From 1994–2004, its products were sold in tourist towns in the Mountain West, including Park City, Sun Valley, and Jackson Hole.[5] In 2004, the Safeway grocery chain began selling Kodiak Cakes products.[6] Safeway had stores in the Western, Southwestern, Rocky Mountain, Midwestern, and Mid-Atlantic regions of the United States.[7]

In 2012, Target began selling Kodiak Cakes products nationwide.[8] By 2014, national retailers such as Target, Costco, Kroger, Sam's Club, and UNFI were selling Kodiak Cakes products in all fifty states.[9] Today, Kodiak Cakes sells a variety of grain-based breakfast and baking mixes, snacks, and frozen, ready-to-eat breakfast items, including pancakes, waffles, muffins, oatmeal, granola bars, baking mixes, and more.[10]

In August 2020, Plaintiff initiated this lawsuit against JRM Nutrasciences, LLC, Muscle Sports Products, LLC, and Jason Mancuso, alleging trademark infringement and unfair competition.[11] Mr. Mancuso is the owner and sole member of both Muscle Sports Products, LLC ("Muscle Sports"), and JRM Nutrasciences, LLC ("JRM").[12] Muscle Sports markets and sells products under the mark KODIAK SPORTS NUTRITION.[13] These products include nutritional

---

[3] First Am. Compl. ¶¶ 1, 10, ECF No. 28, filed January 28, 2021.
[4] Dec. Joel Clark ¶ 8, Ex. D, ECF No. 97-1.
[5] *Id.* at ¶¶ 3, 14, 16.
[6] *Id.* at ¶ 16.
[7] *Id.*
[8] *Id.* at ¶¶ 17, 20.
[9] *Id.* at ¶ 23.
[10] *Id.* at ¶ 4.
[11] Compl., ECF No. 2, filed Aug. 12, 2020.
[12] Mancuso Resp. to Pl.'s First Set of Disc. Req. 3, Ex. L, ECF No. 97-1.
[13] Muscle Sports' Resp. to Pl.'s First Set of Disc. Req. 4, Ex. H, ECF No. 97-1.

supplements such as protein power.[14] JRM owns the trademark application and other intellectual property for KODIAK SPORTS NUTRITION.[15] Defendants have been selling their KODIAK-branded products since May 27, 2016,[16] and JRM applied for the KODIAK SPORTS NUTRITION trademark on February 17, 2016.[17]

      Plaintiff Kodiak Cakes has several federally registered trademarks. It registered the single-word mark KODIAK in 2021.[18] The United States Patent and Trademark Office's Trademark Status and Document Retrieval page notes the mark's first use in commerce as January 15, 2021.[19] Plaintiff also registered a mark with the wording "Kodiak Cakes" and an image depicting a roaring bear with a tilted head enclosed by a circle in May 2018.[20] The page notes its first use in commerce as February 19, 2018.[21] Under the "Goods and Services" section, the trademarks identify the use of the mark as for "Mixes for bakery goods; Pancake mixes; waffle mixes; cookie mixes; brownie mixes; cornbread mixes; muffin mixes; waffles; cookies; brownies; cornbread; bread; muffins; cakes; Grain-based food bars and snack bars; Cereal based energy bars; Snack cakes; Grain-based snack foods; all of the aforementioned made in whole or in part from whole grains."[22]

---

[14] Dep. Walsh 35:25–36:6, Ex. I, ECF No. 97-1; Muscle Sports' Product List 4, Ex. J, ECF No. 97-1.
[15] JRM's Resp. to Pl.'s First Set of Interrogs. 5, 8, Ex. K, ECF No. 97-1.
[16] JRM's Resp. to Pl.'s Second Set of Interrogs. 4–5, Ex. N, ECF No. 97-1.
[17] Dep. Mancuso 66:18–67:16, Ex. O, ECF No. 97-1.
[18] Kodiak Mark Status from TSDR, Ex. C, ECF No. 97-1.
[19] *Id.*
[20] Roaring Bear with Wording "Kodiak Cakes" Mark Status from TSDR, Ex. B, ECF No. 97-1.
[21] *Id.*
[22] *Id.* at 1. The description is slightly different for the single-word mark KODIAK: "Mixes for bakery goods; pancake mixes; waffle mixes; cookie mixes; cake mixes; cupcakes mixes; brownie mixes; cornbread mixes; bread mixes; mixes for grain-based pastries; muffin mixes; waffles; cookies; graham crackers; crackers; brownies; cornbread; bread; muffins; pretzels; cupcakes; cakes; pastries; pudding; French toast; granola; grain-based food bars and snack bars; cereal based energy bars; snack cakes; grain-based snack foods; toaster pastries; sandwiches." Kodiak Mark Status from TSDR 1.

While the marks were federally registered relatively recently, Plaintiff contends that it has used these marks for its products for over 25 years.[23] As part of its infringement claims, Plaintiff seeks to establish its common law rights to the single-word mark KODIAK (the "Kodiak Word Mark"), and a mark depicting a roaring bear with a tilted head enclosed by a circle (the "Bear Mark") in certain geographies since 1995, 2004, and 2012.[24]

Plaintiff filed this partial motion for summary judgment on July 29, 2022. Plaintiff seeks summary judgment "on the discrete issue" that Plaintiff "has a nationwide protectable interest in the [Kodiak Word Mark and the Bear Mark] for health-focused, nutritious food products, including pancake mixes, muffins, and baking mixes for the time frames and geographic regions identified herein, namely: 1) in Utah, Idaho, and Wyoming beginning in 1995; 2) in the Western, Southwestern, Rocky Mountain, Midwestern, and Mid-Atlantic regions of the United States beginning in 2004; and 3) nationwide beginning in 2012."[25] Defendants filed a response, conceding "that Plaintiff's motion for partial summary judgment on the narrow issue of common law trademark rights for discrete times in discrete areas should be granted."[26] However, Defendants oppose the "proposed identification of goods sold by Plaintiff under its Kodiak Marks" as "health-focused, nutritious food products."[27] Plaintiff replied, arguing that the description of its products that Plaintiff seeks as part of its common law trademark is "an accurate description of the nature and quality of the goods sold under the Kodiak Marks."[28] The motion is now fully briefed and ready for resolution.

---

[23] Dec. Clark ¶ 8.
[24] Mot. Summ. J. 13.
[25] *Id.*
[26] Opp'n 1, ECF No. 102.
[27] *Id.*
[28] Reply 6, ECF No. 103.

4

## DISCUSSION

As the Tenth Circuit defines it, "A trademark is a distinctive mark, symbol, or emblem used by a producer or manufacturer to identify and distinguish his goods from those of others."[29] "A plaintiff acquires a protectable interest by 'us[ing] a distinct mark in commerce'" first.[30] "The protectable interest [ ] is coextensive with the trademark's reputation."[31] "[A] trademark . . . extends to every market where the trader's goods have become known and identified by his use of the mark."[32] Therefore, when a plaintiff establishes that (1) it uses a distinct mark in commerce, (2) its use predates the defendant's use of the mark, and (3) its use was within certain geographic areas, a plaintiff has a common law right to the trademark.

It is undisputed in this case that Plaintiff has established common law rights to the Kodiak Word Mark and the Bear Mark. There is no dispute that they are distinctive—the term "Kodiak" and the bear image are arbitrary as applied to "pancakes and other baking mixes and snacks"—or that Plaintiff has a priority of use of these marks within certain geographies. Therefore, Plaintiff has a protectable interest in its Kodiak Mark and the Bear Mark (1) in Utah, Idaho, and Wyoming beginning in 1995, (2) in the Western, Southwestern, Rocky Mountain,

---

[29] *Beer Nuts, Inc. v. Clover Club Foods Co.*, 711 F.2d 934, 939 (10th Cir. 1983) (*quoting Educational Development Corp. v. Economy Co*., 562 F.2d 26, 28 (10th Cir. 1977)); *see Drexel Enterprises, Inc. v. Richardson*, 312 F.2d 525, 526–27 (10th Cir. 1962) ("This court has defined a trademark . . . to be 'a distinctive mark of authenticity through which the merchandise of a particular producer or manufacturer may be distinguished from that of others,' and further that the function of a trademark is to designate, identify, and point out distinctively the origin of the products to which it is attached. There must be a use of a trademark in order to give it validity. This actual use must be under circumstances which show that the user intends to adopt the mark or device as a trademark. The extent or duration of use is of no particular significance other than to the extent that it demonstrates this intention to adopt.").
[30] *Underwood v. Bank of Am. Corp.*, 996 F.3d 1038, 1053 (10th Cir. 2021) (quoting *B & B Hardware, Inc. v. Hargis Indus., Inc.*, 575 U.S. 138, 142 (2015)); *see B & B Hardware, Inc*., 575 U.S. at 142 ("One who first uses a distinct mark in commerce thus acquires rights to that mark.").
[31] *GTE Corp. v. Williams*, 649 F. Supp. 164, 170 (D. Utah 1986), *aff'd*, 904 F.2d 536 (10th Cir. 1990).
[32] *Hetronic Int'l, Inc. v. Hetronic Germany GmbH*, 10 F.4th 1016, 1046–47 (10th Cir. 2021) (quoting *Hanover Star Milling Co. v. Metcalf*, 240 U.S. 403, 416 (1916)).

Midwestern, and Mid-Atlantic regions of the United States beginning in 2004, and (3) nationwide beginning in 2012.

The identification of goods sold by Plaintiff under its Kodiak Word Mark and Bear Mark is not necessary to deciding that Plaintiff has a protectable interest in those marks. The protected right is the right to use the marks in commerce; it is not tied to a specific description of the owner's goods. Instead, the description of Plaintiff's goods as "health-focused, nutritious food products" is relevant to the second "prong" of a common law trademark infringement claim: that Defendants' use of a similar mark is likely to cause confusion among consumers.[33] Plaintiff has expressly stated it does not seek summary judgment on that issue.[34] Therefore, the court does not resolve the parties' argument over the description of Plaintiff's goods.

## ORDER

IT IS HEREBY ORDERED that Plaintiff Kodiak Cakes' motion for summary judgment is granted in part. Plaintiff has a protectable interest in the Kodiak Word Mark and the Bear Mark (1) in Utah, Idaho, and Wyoming beginning in 1995; (2) in the Western, Southwestern, Rocky Mountain, Midwestern, and Mid-Atlantic regions of the United States beginning in 2004; and (3) nationwide beginning in 2012. Because the adoption of a description of Plaintiff's goods is not necessary to decide summary judgment on this element of trademark infringement, the motion is denied as to the identification of Plaintiff's goods as "health-focused, nutritious food products."

---

[33] "To prevail on the second and third claims of the complaint, Kodiak must establish that (1) it has a protectable interest in its Kodiak Common Law Marks, and (2) Defendants' use of a similar mark is likely to cause confusion among consumers." Mot. Summ. J. 13.

[34] "Through this Motion, Kodiak seeks summary judgment only on this first prong—whether it has a protectable interest in the Kodiak Common Law Marks." *Id.*

Signed December 5, 2022.

BY THE COURT

_____
David Barlow
United States District Judge